**BAKER BOTTS L.L.P.**
Seth T. Taube (ST 6088)
Richard B. Harper (RH 5979)
Lance D. Cassak (LC 3116)
30 Rockefeller Plaza
New York, New York  10112
Tel:    (212) 408-2500
Fax:    (212) 408-2501
*Attorneys for Defendants*
*Whirlpool Corp., Whirlpool Patents Co.,*
*Whirlpool Manufacturing Corp., and Maytag Corp.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., LG ELECTRONICS, INC., & LG ELECTRONICS MONTERREY MEXICO, S.A., DE, CV,<br><br>Plaintiffs,<br><br>v.<br><br>WHIRLPOOL CORP., WHIRLPOOL PATENTS CO., WHIRLPOOL MANUFACTURING CORP., and MAYTAG CORP.<br><br>Defendants. | CIVIL ACTION<br><br>Civil Action No. 2:08-cv-1869<br><br>HONORABLE JUDGE FAITH S. HOCHBERG<br><br><br>**MOTION REQUESTED FOR CONSIDERATION ON JUNE 2, 2008**<br><br>**ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNTS FOUR AND FIVE OF PLAINTIFFS' COMPLAINT**

## TABLE OF CONTENTS

                                                                                                                    Page
TABLE OF AUTHORITIES ................................................................................................ ii
PRELIMINARY STATEMENT ......................................................................................... 1
FACTUAL BACKGROUND .............................................................................................. 2
APPLICABLE LAW ........................................................................................................... 3
ARGUMENT ....................................................................................................................... 4
CONCLUSION .................................................................................................................... 6

## TABLE OF AUTHORITIES

### CASES

*Aetna Life Ins. Co. v. Haworth*,
   300 U.S. 227 (1937)..................................................................................................3

*Amana Refrigeration, Inc. v. Quadlux, Inc.*,
   172 F.3d 852 (Fed. Cir. 1999).................................................................................4, 5

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
   495 F.3d 1340 (Fed. Cir. 2007)...............................................................................4, 5

*Caraco Pharma Labs, Ltd. v. Forest Labs, Inc.*,
   --- F.3d ----, 2008 WL 850330 (Fed. Cir. April 1, 2008)..........................................3

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)..................................................................................................5

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
   312 U.S. 270 (1941)..................................................................................................3

*MedImmune, Inc. v. Genentech, Inc.*,
   127 S.Ct. 764 (2007).............................................................................................3, 4

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
   57 F.3d 1054 (Fed. Cir. 1995)................................................................................4, 5

### STATUTES AND RULES

19 U.S.C. § 1337..................................................................................................................2

28 U.S.C. § 2201(a) ............................................................................................................3

Fed. R. Civ. P. 12(b)(1)......................................................................................................1

Defendants have decided to abandon their pursuit of infringement claims pertaining to two of the five patents at issue in this case, thus mooting two of Plaintiffs' five declaratory judgment counts and mandating their dismissal. More specifically, pursuant to Fed. R. Civ. P. 12(b)(1), declaratory judgment defendants Whirlpool Corp., Whirlpool Patents Co., Whirlpool Manufacturing Corp., and Maytag Corp. (collectively "Whirlpool") move to dismiss the Fourth and Fifth Counts, and all claims made therein, of declaratory judgment plaintiffs' LG Electronics U.S.A., Inc., LG Electronics, Inc., and LG Electronics Monterrey Mexico, S.A., DE, CV (collectively "LG") Complaint against Whirlpool for lack of subject matter jurisdiction.

## PRELIMINARY STATEMENT

This is a declaratory judgment action brought by LG against Whirlpool concerning five of Whirlpool's patents that are the subject of a previously-filed co-pending action brought by Whirlpool against LG in the U.S. International Trade Commission (hereinafter the "ITC action"). In the present action LG seeks a declaration of noninfringement, invalidity and/or unenforceability of the five patents, including U.S. Patent Nos. 6,971,730 (the "'730 patent") and 7,240,980 (the "'980 patent"). Whirlpool has decided to, and now has, withdrawn its allegations relating to the '730 and '980 patents in the ITC and moved to partially terminate the pending ITC investigation as it relates to the '730 and '980 patents, and has also covenanted not to sue LG for any infringement (direct or indirect) or violation of any claims of the '730 or '980 patents. LG's Counts relating to those patents are now moot. The "case or controversy" limitation of Article III of the U.S. Constitution only permits jurisdiction so long as a case is not rendered moot at any point during litigation. Thus, Whirlpool respectfully submits that in light of its above-mentioned actions there is no longer any "case or controversy" between LG and Whirlpool with respect to the Fourth and Fifth Counts of LG's Complaint (directed to the '730 and '980 patents, respectively) and that this Court lacks subject matter jurisdiction over this dispute as it relates to

those Counts.  Accordingly, all claims against Whirlpool contained within those Counts must be dismissed.

## FACTUAL BACKGROUND

On January 23, 2008, Whirlpool initiated an enforcement action against LG before the U.S. International Trade Commission asserting LG was in violation of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, by importing into the United States, selling for importation into the United States, and/or selling or offering for sale with the United States after importation, certain refrigerators and components that infringe one or more of five patents held by Whirlpool: U.S. Patent Nos. 6,082,130; 6,810,680; 6,915,644; 6,971,730 and 7,240,980.  On February 21, 2008, the ITC initiated an investigation, entitled *In re Certain Refrigerators and Components Thereof*, Inv. No. 337-TA-632.

On April 16, 2008, LG filed this declaratory judgment action, seeking a declaration of noninfringement, invalidity and/or unenforceability of each of the five patents Whirlpool has asserted against LG in the ITC.  In the ITC, Whirlpool has since withdrawn its allegations relating to the '730 and '980 patents and moved to partially terminate the pending ITC investigation as it relates to the '730 and '980 patents.  *See* Complainants' Motion for Partial Termination Based on Withdrawal of Certain Allegations in the Complaint (hereinafter "Whirlpool's ITC Motion"), submitted herewith as Exhibit A.[1]  Furthermore, Whirlpool (specifically, Maytag Corp. as assignee of the '730 and '980 patents) has covenanted not to sue LG for any infringement (direct or indirect) or violation of any claims of the '730 or '980 patents, and has also covenanted not to sue LG's customers, clients, or suppliers for any alleged infringement or violation of any claims of the '730 and '980 patents for any products supplied by

---

[1] The exhibits referenced herein are attached to the concurrently-filed Declaration of Richard Harper in Support of Defendants' Motion to Dismiss Counts Four and Five of Plaintiffs' Complaint.

(or to) LG Electronics to (or by) said customers, clients or suppliers.  Non-Assertion Letter, submitted herewith as Exhibit B.

## APPLICABLE LAW

The relevant text of the Declaratory Judgment Act, 28 U.S.C. § 2201(a), reads:

> In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Furthermore, "[i]t is well established that the phrase 'actual controversy' in § 2201(a) includes any controversy over which there is Article III jurisdiction." *Caraco Pharma Labs, Ltd. v. Forest Labs, Inc.*, --- F.3d ----, 2008 WL 850330 at p. 9 (Fed. Cir. April 1, 2008) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937)).  "In particular, an action is justiciable under Article III only where (1) the plaintiff has standing, (2) the issues presented are ripe for judicial review, and (3) the case is not rendered moot at any stage of the litigation." *Caraco*, 2008 WL 850330 at p. 10 (internal citations omitted).

The Supreme Court recently spoke on the issue of Article III standing in the context of a patent-related declaratory judgment suit, stating that "'the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 771 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).  The Court held that for there to be jurisdiction in a declaratory judgment action the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive

character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune*, 127 S.Ct. at 771 (internal citations and quotations omitted).

The U.S. Court of Appeals for the Federal Circuit has consistently held that where a party covenants not to sue for patent infringement and seeks dismissal of its infringement claim, no controversy exists between the parties concerning infringement. Prior to *MedImmune* the Federal Circuit held that a covenant not to sue for infringement of patents-in-suit was sufficient to divest the court of jurisdiction over the declaratory judgment action. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059-60 (Fed. Cir. 1995); *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855-56 (Fed. Cir. 1999).

Post-*MedImmune*, the Federal Circuit pointed out that although both *Super Sack* and *Amana* "applied the disapproved 'reasonable apprehension of *imminent* suit' test," neither had been expressly overruled and the holdings of both were "not necessarily dependent on" the test. *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1346 (Fed. Cir. 2007) (emphasis original). Moreover, the *Benitec* court held that where "Benitec made its covenant [not to sue] and sought dismissal of its infringement claim . . . there is no controversy between the parties concerning infringement . . . ." *Benitec*, 495 F.3d at 1348-49. The *Benitec* court based its analysis "strictly on the framework of *MedImmune*." *Benitec*, 495 F.3d at 1346.

## ARGUMENT

On the basis of Whirlpool's ITC motion to partially terminate the pending investigation as it relates to the '730 and '980 patents, and its covenant not to sue LG for infringement (direct or indirect) or violation of any claims of the '730 and '980 patents, Whirlpool respectfully submits that there is no "case or controversy" within the meaning of Article III of the U.S. Constitution. If the "case or controversy" limitation of Article III of the U.S. Constitution is not

satisfied, the Court lacks subject matter jurisdiction over the dispute. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992).

The covenant not to sue voluntarily given by Whirlpool to LG is even broader than a number of covenants found by the Federal Circuit to divest a district court of jurisdiction. In *Super Sack*, the Federal Circuit held that where Super Sack gave an unconditional promise "not to sue Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase," but did not make any promise with respect to future products, the promise was still sufficient to divest the court of jurisdiction over Chase's declaratory judgment claim. *Super Sack*, 57 F.3d at 1057-58. Similarly, in *Amana* the Federal Circuit held that "Quadlux's promise not to assert any infringement claim against Amana under the patent as it presently reads, with respect to any product previously or currently advertised, manufactured, marketed, or sold by Amana," was sufficient to divest the court of jurisdiction. *Amana*, 172 F.3d at 855. Finally, in *Benitec* the Federal Circuit held that Benitec's covenant not to sue Nucleonics "for patent infringement arising from activities and/or products occurring on or before the date dismissal was entered in this action," was similarly sufficient to divest the court of jurisdiction over Necleonics declaratory judgment action. *Benitec*, 495 F.3d at 1343, 1348 (internal quotations omitted).

Here, Whirlpool has not only bound itself not to sue LG for infringement of the '730 and '980 patents or sue LG's customers, clients, or suppliers for any alleged infringement of those patents relating to LG products, but Whirlpool has also covenanted not to bring such suit in the future, binding itself and all successors in interest to those patents. Non-Assertion Letter, Ex. B. In addition, Whirlpool has withdrawn its allegations relating to the '730 and '980 patents in the ITC and moved to partially terminate the pending ITC investigation as it relates to the '730 and

'980 patents. *See* Whirlpool's ITC Motion, Ex. A. Therefore, no "case or controversy" remains with respect to the '730 and '980 patents between the parties. Accordingly, the Fourth and Fifth Counts of LG's Complaint, and all claims contained therein, should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## CONCLUSION

Because declaratory judgment defendant Whirlpool has withdrawn its allegations against declaratory judgment plaintiff LG relating to the '730 and '980 patents in the ITC and moved to partially terminate the pending ITC investigation as it relates to the '730 and '980 patents, and because Whirlpool further covenants not to sue LG for any alleged infringement (direct or indirect) or violation of any of the claims of the '730 and '980 patents no "case or controversy" between LG and Whirlpool exists with respect to the '730 and '980 patents. Whirlpool therefore respectfully submits that LG's claims against Whirlpool with respect to the '730 and '980 patents must be dismissed for lack of subject matter jurisdiction under Article III of the U.S. Constitution.

Dated: May 1, 2008

Respectfully submitted,
BAKER BOTTS L.L.P

By:  s/ Richard B. Harper
Seth T. Taube (ST 6088)
Richard B. Harper (RH 5979)
Lance D. Cassak (LC 3116)
30 Rockefeller Plaza
New York, New York 10112
Tel:  (212) 408-2500
Fax:  (212) 408-2501
*Attorneys for Defendants*
*Whirlpool Corp., Whirlpool Patents Co.,*
*Whirlpool Manufacturing Corp., and*
*Maytag Corp.*