**BAKER BOTTS L.L.P.**
Seth T. Taube (ST 6088)
Richard B. Harper (RH 5979)
Lance D. Cassak (LC 3116)
30 Rockefeller Plaza
New York, New York  10112
Tel:    (212) 408-2500
Fax:    (212) 408-2501
*Attorneys for Defendants*
*Whirlpool Corp., Whirlpool Patents Co.,*
*Whirlpool Manufacturing Corp., and Maytag Corp.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., LG ELECTRONICS, INC., and LG ELECTRONICS MONTERREY MEXICO, S.A., DE, CV, <br><br> Plaintiffs, <br><br> v. <br><br> WHIRLPOOL CORP., WHIRLPOOL PATENTS CO., WHIRLPOOL MANUFACTURING CORP., and MAYTAG CORP. <br><br> Defendants. | CIVIL ACTION <br><br> Civil Action No. 2:08-cv-1869 <br><br> HONORABLE JUDGE FAITH S. HOCHBERG <br><br><br> **MOTION REQUESTED FOR CONSIDERATION ON JUNE 2, 2008** <br><br><br> **ORAL ARGUMENT REQUESTED** |

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO TRANSFER**

---

NY02:621749.5

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................ii
PRELIMINARY STATEMENT ............................................................................................1
FACTUAL BACKGROUND .................................................................................................2
APPLICABLE LEGAL STANDARDS ..................................................................................5
ARGUMENT ..........................................................................................................................7
CONCLUSION .....................................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*Continental Grain Co. v. Barge FBL-585*,
    364 U.S. 19 (1960)..................................................................................................5

*Crosley Corp. v Westinghouse Elec. & Mfg. Co.*,
    130 F.2d 474 (3d Cir. 1942)....................................................................................7

*Drugstore-Direct, Inc. v. The Cartier Division of Richemont North America, Inc.*,
    350 F.Supp.2d 620 (E.D. Pa 2004) .........................................................................8

*Equal Employment Opportunity Commission v. University of Pennsylvania*,
    850 F.2d 969 (3d. Cir. 1988), *aff'd on other grounds*, 493 U.S. 182 (1990).......................8

*FMC Corp. v. Amvac Chemical Corp.*,
    379 F.Supp.2d 733 (E.D. Pa. 2005) ........................................................................8

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995)............................................................................5, 6, 7, 9

*Liggett Group Inc. v. R.J. Reynolds Tobacco Co.*,
    102 F.Supp.2d 518 (D.N.J. 2000) ...........................................................................5

*Lony v. E.I. Du Pont de Nemours & Co.*,
    886 F.2d 628 (3d Cir. 1989).....................................................................................7

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235 (1981).................................................................................................7

*Sandvik v. Continental Ins. Co.*,
    724 F.Supp. 303 (D.N.J. 1989) ...............................................................................6

*Shutte v. Armco Steel Corp.*,
    431 F.2d 22 (3d Cir. 1970).......................................................................................5

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988)...................................................................................................7

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964).................................................................................................5

## STATUTES AND RULES

19 U.S.C. § 1337...............................................................................................................2

28 U.S.C. § 1404(a) ...........................................................................................................2, 5, 6

MPEP § 903.04 ...............................................................................................................................4

**PRELIMINARY STATEMENT**

The Whirlpool defendants seek transfer of this action to the District of Delaware where the LG plaintiffs, just eight days after filing this suit, brought another suit involving a related set of patents and where the majority of the claims in the overall dispute between the parties now resides. There are now three pending patent cases involving the same subject matter between these litigants in three different forums: the United States International Trade Commission, the United States District Court for the District of Delaware and the United States District Court for the District of New Jersey. In the ITC and New Jersey the same five Whirlpool patents are presently at issue.

Whirlpool initiated the legal proceedings with an ITC action against LG based on LG's infringement of these patents in January of this year. In both the ITC proceeding and the New Jersey case, only the ITC patents are at issue. In Delaware, LG brought suit on April 24, 2008 against Whirlpool for alleged infringement of three of LG's patents, and Whirlpool has counterclaimed for infringement of four additional Whirlpool patents, as well as three of the patents at issue in the ITC ("the Whirlpool ITC patents").[1] All of the patents in these cases relate to refrigerators and components thereof.

The current posture of these cases is manifestly inefficient. The Delaware court currently has before it a case with these litigants, the Whirlpool ITC patents and seven additional patents all relating to the same general subject matter. Simply put, the New Jersey Court's involvement in this dispute is unnecessary, and proceeding with multiple district court cases would be

---

[1] As set forth in Whirlpool's Memorandum in Support of its Motion to Dismiss Counts 4 and 5, filed herewith, in the ITC action Whirlpool has filed a motion to withdraw two of the five asserted patents. Whirlpool has also represented in a non-assertion letter to LG that it will not sue either LG or its customers, clients or suppliers for their use and/or sale of LG products under the two withdrawn patents, and therefore subject matter jurisdiction for counts 4 and 5 of this action no longer exists.

extremely inconvenient for the parties and witnesses. Whirlpool therefore requests that the Court transfer this matter to the District of Delaware under 28 U.S.C. § 1404(a).

## FACTUAL BACKGROUND

On January 23, 2008, Whirlpool Corp. ("Whirlpool"), Whirlpool Patents Co., Whirlpool Mfg. Corp. and Maytag Corp., *i.e.*, the defendants in this action (collectively "the Whirlpool Defendants" or "Defendants"), filed a complaint with the U.S. International Trade Commission ("ITC") alleging that LG Electronics, Inc. ("LG Electronics"); LG Electronics, USA, Inc. ("LG USA"); and LG Electronics Monterrey Mexico, S.A. de CV ("LG Mexico"), *i.e.*, the plaintiffs in this action (collectively, "the LG Plaintiffs" or "Plaintiffs"), are engaging in unfair acts in violation of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, through the alleged importation into, the sale for importation into and/or the sale or offer for sale within, the United States of refrigerators and components that infringe five Whirlpool patents. *See* N.J. Complaint, Ex. 1, ¶ 6.[2]  The ITC instituted the investigation on February 21, 2008. *In re Certain Refrigerators and Components Thereof*, Inv. No. 337-TA-632 (ITC). In a move that smacks of forum shopping, the LG Plaintiffs filed this action eight weeks later, on April 16, 2008, seeking a declaration of non-infringement, invalidity and/or unenforeability of the same Whirlpool patents at issue in the ITC. *Id.*

Just eight days after filing the New Jersey action, LG Electronics and LG USA (collectively, "LG") filed another suit against Whirlpool alleging infringement of three of LG's patents relating to refrigerators and components thereof. LG, however, did not file this second suit in the District of New Jersey. Rather, LG filed the suit in a *third* forum, Delaware, where both LG USA and Whirlpool are incorporated. Delaware Complaint, Ex. 2, ¶¶ 2, 5.

---

[2] Exhibits referenced herein are being filed herewith as exhibits to the Declaration of Richard Harper in Support of Whirlpool's Motion to Transfer.

On the same date on which the Whirlpool Defendants are bringing this motion, the Whirlpool Defendants are filing a counterclaim in the Delaware action asserting infringement of four additional Whirlpool patents. Delaware Answer and Counterclaim, Ex. 3, ¶¶ 15-18. To remedy the inefficiencies created by LG's multi-district filings, the counterclaim also includes counts for infringement of the Whirlpool ITC patents. *Id.*, ¶¶ 12-14.

The three Whirlpool ITC patents, Exs. 4-6, the three Delaware LG patents, Exs. 7-9, and the four Delaware Whirlpool patents, Exs. 10-13, all of which are now at issue in Delaware, all relate to refrigerators and refrigerator components, such as icemakers and vegetable compartments. *See e.g.*, Titles and Abstracts. Significantly, there is substantial overlap in subject matter between the Whirlpool ITC patents at issue in the New Jersey case, all of which relate to ice makers, and certain of the additional patents asserted by both LG and Whirlpool in the Delaware case. For example, Whirlpool's U.S. Pat. No. 6,082,130 ("the '130 patent"), one of the Whirlpool ITC patents that LG seeks to collaterally attack in New Jersey, relates to ice makers. N.J. Complaint, Ex. 1, ¶¶ 9-13; Patent, Ex. 4, *e.g.*, Title, "Ice Delivery System for a Refrigerator." Similarly, LG's U.S. Pat. No. 7,316,121 ("the '121 patent") asserted in LG's first infringement count in Delaware relates to ice makers. Delaware Complaint, Ex. 2, ¶¶ 9-16; Patent, Ex. 7, *e.g.*, Title, "Dispenser of Icemaker in Refrigerator." Whirlpool's U.S. Pat. No. 5,269,154 ("the '154 patent"), asserted by Whirlpool in its Delaware counterclaims also relates to ice makers. Delaware Answer and Counterclaims, Ex. 3, ¶ 16; Patent, Ex. 11, *e.g.*, Title, "Heated Ice Door for Dispenser."

The close relationship among the patents, and thus the two cases, is confirmed by the fact that the United States Patent and Trademark Office ("PTO") has used the same technical field classification for each. Those classifications appear beside the "[52]" on the face of each patent.

The primary classification, printed in bold, is determined by the patent examiner "based on the application's main inventive concept using the claims as a guide." Manual of Patent Examining Procedure ("MPEP") at 903.04.[3] In addition, one or more secondary classifications may appear in plain text. These are "based on other inventive concepts (mandatory) or valuable disclosure (discretionary) . . .". *Id*. These classifications place patents within groups and subgroups of technology, and are used by the PTO in executing its search and examination functions. In this case, the PTO assigned both the '130 and '121 patents a primary classification of 62/344, and assigned the '154 patent 62/344 as a secondary classification.[4]

Moreover, even at this preliminary stage of the lawsuits, Whirlpool has determined that a number of LG's refrigerators infringe one or more of the Whirlpool ITC patents and one or more of the four additional patents that Whirlpool is asserting in its counterclaim in Delaware. These products include LG's side-by-side model nos. LSC27950SW and LSC26905SB and its French door model no. LFX25980ST. Delaware Answer and Counterclaim, Ex. 3, ¶¶ 71, 78, 85, 92, 98 and 104.

The close relationship among the patents at issue in both cases and the identity of certain infringing LG products means that the depositions, document discovery and trial will necessarily involve substantial overlap. Moreover, the subject matter of the Whirlpool ITC patents at issue in New Jersey is a subset of the subject matter of the patents asserted by both sides in Delaware. The three Whirlpool ITC patents relate only to ice makers, whereas the additional patents asserted by both Whirlpool and LG in Delaware relate not only to ice makers, as noted above, but also to other components and features such as vegetable compartments, LG's U.S. Pat. No.

---

[3] The MPEP can be accessed online at http://www.uspto.gov/web/offices/pac/mpep
[4] The 64 indicates refrigeration, while the 344 indicates a means producing a shaped or modified congealed product with product receiving and storing means.

6,834,922, Ex. 8; refrigerator insulation, LG's U.S. Pat. No. 7,147,292, Ex. 9; and the structural integrity of the refrigerator, Whirlpool's U.S. Pat. No. 5,269,601, Ex. 10.

## APPLICABLE LEGAL STANDARDS

Requests for transfer are governed by 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of § 1404(a) "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).

To meet the "might have been brought" requirement of section 1404(a), a movant is ordinarily required to demonstrate both the propriety of venue in the transferee district and jurisdiction over all of the defendants. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970). Here there is no dispute that the New Jersey action might have been brought in Delaware. Just eight days after filing this suit in New Jersey, LG filed a patent infringement suit involving the same subject matter in Delaware which is the state of incorporation for at least one party on each side of the dispute. Whirlpool does not challenge either venue or jurisdiction in Delaware.

The moving party also bears the burden of demonstrating that the alternative forum is more appropriate than the present one. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Liggett Group Inc. v. R.J. Reynolds Tobacco Co.*, 102 F.Supp.2d 518, 528-29 (D.N.J. 2000). The three factors set forth in section 1404(a) that a court must consider when determining whether the transferee forum is more appropriate are (1) convenience of the parties, (2) convenience of the witnesses, and (3) the interests of justice. However, in deciding whether to

transfer, the courts are to consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by a transfer to a different forum." *Jumara*, 55 F.3d at 879.

In *Jumara*, the Third Circuit identified various private and public interests that courts should consider when deciding whether to transfer an action. *See Jumara*, 55 F.3d at 879. Private interests include: (1) the "plaintiff's forum preference as manifested in the original choice," (2) the "defendant's preference," (3) "whether the claim arose elsewhere," (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora," and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (citations omitted).

The public interests include: (1) "the enforceability of the judgment," (2) "practical considerations that could make the trial easy, expeditious, or inexpensive," (3) "the relative administrative difficulty in the two fora resulting from court congestion," (4) "the local interest in deciding local controversies at home," (5) "the public policies of the fora," and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879-80 (citations omitted).

These factors are intended to act merely as a guide, and not all may be relevant or determinative in each case. *See id.*; *Sandvik v. Continental Ins. Co.*, 724 F.Supp. 303, 307 (D.N.J. 1989). The analysis under section 1404(a) is a "flexible" one to be made on the "unique facts" in each case. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30(1988); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50 (1981). A determination that transfer is appropriate

represents an "exercise[ ] of structured discretion by trial judges appraising the practical inconvenience posed to the litigants and to the court should a particular action be litigated in one forum rather than another." *Lony v. E.I. Du Pont de Nemours & Co.*, 886 F.2d 628, 632 (3d Cir. 1989) (citation omitted).

## ARGUMENT

### A. The Private Interests Favor Transfer

Of the private interests identified in *Jumara*, the plaintiffs' and defendants' preferences are relevant here. Neither side has particularly strong ties to New Jersey or Delaware. Although LG USA is located in New Jersey, LG USA is a wholly-owned subsidiary of LG Electronics, Ex. 2, ¶ 4, and acts only as the U.S. marketing arm of LG Electronics. *See* LG Webpage, Ex. 14, p. 2. The major business decisions relevant here, including those relating to the design, manufacture and sale of infringing goods, are made by LG Electronics, a Korean corporation headquartered in Seoul. *See* Ex. 1, ¶ 1B. LG Electronics is therefore likely to possess in Korea the vast majority of the relevant documents and personnel.[5] LG USA's presence in New Jersey is thus largely immaterial here, and, to the extent taken into account, it is counter-balanced by the fact that LG is incorporated in Delaware, the proposed transferee jurisdiction, as is Whirlpool.

LG is likely to try to invoke the so-called "first-to-file rule" as justification for maintaining this action in New Jersey. *See*, *e.g.*, *Crosley Corp. v Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475 (3d Cir. 1942) ("the district court first obtaining jurisdiction of the parties and issues in a patent cause on a complaint seeking declaratory relief should ordinarily proceed to adjudicate the controversy and should restrain the parties from seeking in the interim in a later

---

[5] To date in the ITC case, LG has produced approximately 110,000 pages from LG Korea, with roughly 3,000 pages and 11,000 pages coming from LG USA and LG Mexico, respectively. Given the close relationship of the subject matter, it is reasonable to expect a similar distribution for the district court cases.

suit in another district court to duplicate that adjudication."). This "rule" however, is based on principles of comity and equity, and in this Circuit is not to be rigidly applied. *See FMC Corp. v. Amvac Chemical Corp.*, 379 F.Supp.2d 733, 738 (E.D. Pa. 2005). "District courts have always had discretion to [decide] jurisdiction given appropriate circumstances justifying departure from the first-filed rule." *Equal Employment Opportunity Commission v. University of Pennsylvania*, 850 F.2d 969, 972 (3d. Cir. 1988), *aff'd on other grounds*, 493 U.S. 182 (1990). "Exceptions to the first-filed rule are not rare and are made when justice or expediency requires, including when the first-filed action is the result of forum shopping and if the balance of convenience favor the second forum." *Drugstore-Direct, Inc. v. The Cartier Division of Richemont North America, Inc.*, 350 F.Supp.2d 620, 623 (E.D. Pa 2004) (citations omitted). Moreover, the first-to-file rule is applicable only where identicality exists between both cases at issue, *e.g.*, same patents and same parties. *Osteoctech, Inc v. GenSci Regeneration Sciences, Inc.*, 6 F.Supp.2d 349, 357 (D.N.J. 1998) (finding the first-to-file rule inapplicable because the second case involved additional patents that were not at issue in the first case and second case had one less party).

Here, the first-to-file rule should not be followed for several reasons. First, Whirlpool, not LG, was the first to file an action relating to the Whirlpool ITC patents, having initiated the ITC proceeding in January 2008. The New Jersey action is therefore little more than a later-filed attempt to forum shop. Second, because **both** the New Jersey and Delaware districts were **chosen by LG**, it can not be said that New Jersey is LG's preference. This is not a typical first-to-file dispute where one party files in a jurisdiction of its choosing, often a home forum, and the other party attempts to thwart that choice with a retaliatory suit in another jurisdiction. Here, LG chose to file two patent suits relating to the same subject matter in two different districts just days apart. Obviously, LG is perfectly happy to have its patent disputes resolved in Delaware –

especially those involving the same technology and parties. By transferring this case, the Court would not be sending LG to an objectionable forum. Whatever LG's reasons were for pursuing a deliberately inefficient litigation strategy, this Court is not obligated to accommodate LG. Third, although the subject matter is the same in the both cases, the cases are not identical. The patents at issue in this case is just a subset of those at issue in the Delaware. Thus, the first-to-file rule is not relevant to Defendants' motion to transfer. *Id*.

*Jumara* factor (4) – the convenience of the parties – must also be taken into account here. As between New Jersey and Delaware, this factor is not seriously implicated, as the courthouses are only 115 miles from one another.[6] However, the choice at hand is not simply between the two jurisdictions, but rather whether to maintain two separate patent cases involving the same subject matter in two different jurisdictions or to consolidate the cases in one jurisdiction. Transfer of the New Jersey case to, and consolidation in, Delaware, the chosen jurisdiction of both sides in the overall dispute, would plainly be far more convenient for both parties.

### C. The Public Interests Favor Transfer

Of the six public interest factors identified by the *Jumara* court, number (2) – practical considerations that could make the trial easy, expeditious, or inexpensive – is the most relevant here. Transferring the New Jersey case to Delaware will indisputably make the trial of these matters easier, more expeditious and less expensive than if the cases proceed in two different jurisdictions. Without transfer, efforts will be duplicated by both the parties and the Courts throughout discovery and at trial, with the possibility of inconsistent results. Because the subject matter of the Whirlpool ITC Patents at issue in New Jersey – ice maker technology – is also part

---

[6] To the extent the physical location of the court is relevant, it would favor LG, whose primary counsel, Finnegan Henderson., is located in Washington, D.C., which is closer to Delaware than New Jersey.

of the broader scope of refrigerator technology at issue in Delaware, it makes sense to transfer the New Jersey action to Delaware. Conversely, there is no legitimate basis for LG's attempt to maintain its two patent suits in two different District Courts, thereby requiring two judges to learn the same technology and unnecessarily burdening the dockets of two courts with a case that can be much more efficiently handled by one.

### D.     The Delaware Court's Expertise in Patent Cases Favors Transfer

Another factor favoring transfer is that Delaware has developed a particularly strong reputation for the ability to efficiently handle complex patent litigation. Indeed, on its website, LG's counsel identifies the District of Delaware as one of the three "patent courts" in the U.S., along with the Eastern District of Virginia and the Northern District of California. Finnegan Henderson Webpage, Ex. 15. Thus, if LG's goal is the fair and efficient handling of its claims against Whirlpool, as it should be, LG is in no position to argue that transfer to Delaware will not accomplish those objectives.

## CONCLUSION

LG's choice of New Jersey as a forum for litigating Whirlpool's ITC patents one week, while the next week filing suit in Delaware to litigate its patents relating to the same subject matter, is a procedural gambit that is owed no deference. If LG is permitted to proceed with the suits in both jurisdictions the result would be inconveniences and inefficiencies for the parties and the Courts, without justification. Delaware is now the forum for all of the claims raised by LG in this case, as well as additional and related patent infringement claims by both sides. The Whirlpool Defendants therefore respectfully request that this case be transferred to Delaware.

Dated: May 1, 2008 Respectfully submitted,
BAKER BOTTS L.L.P

By: s/ Richard B. Harper
Seth T. Taube (ST 6088)
Richard B. Harper (RH 5979)
Lance D. Cassak (LC 3116)
30 Rockefeller Plaza
New York, New York  10112
Tel: (212) 408-2500
Fax: (212) 408-2501
*Attorneys for Defendants
Whirlpool Corp., Whirlpool Patents Co.,
Whirlpool Manufacturing Corp., and
Maytag Corp.*

NY02:621749.5 11