**BAKER BOTTS L.L.P.**
Seth T. Taube (ST 6088)
Richard B. Harper (RH 5979)
Lance D. Cassak (LC 3116)
30 Rockefeller Plaza
New York, New York  10112
Tel:   (212) 408-2500
Fax:   (212) 408-2501
*Attorneys for Defendants*
*Whirlpool Corp., Whirlpool Patents Co.,*
*Whirlpool Manufacturing Corp., and Maytag Corp.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., LG ELECTRONICS, INC., & LG ELECTRONICS MONTERREY MEXICO, S.A., DE, CV,<br><br>Plaintiffs,<br><br>v.<br><br>WHIRLPOOL CORP., WHIRLPOOL PATENTS CO., WHIRLPOOL MANUFACTURING CORP., and MAYTAG CORP.<br><br>Defendants. | CIVIL ACTION<br><br>Civil Action No. 2:08-cv-1869<br><br>HONORABLE JUDGE FAITH S. HOCHBERG<br><br><br>**MOTION REQUESTED FOR CONSIDERATION ON JUNE 2, 2008** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(a)(4)**

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| FACTUAL BACKGROUND | 1 |
| APPLICABLE LAW | 2 |
| ARGUMENT | 4 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

## CASES

*Brocksopp Eng'g Inc. v. Bach-Simpson Ltd.*,
    136 F.R.D. 485 (E.D. Wis. 1991)...................................................................................3

*Circuit City Stores Inc., v. Citgo Petroleum Corp.*,
    1994 WL 483463 (E.D. Pa. Sept. 7, 1994).................................................................2, 3

*Gerlach v. Mich. Bell Tel. Co.*,
    448 F. Supp. 1168 (E.D. Mich. 1978) ............................................................................3

*Godlewski v. Affiliated Computer Servs., Inc.*,
    210 F.R.D. 571 (E.D. Va. 2002) ................................................................................2, 3

*Ricciuti v. N.Y. City Transit Auth.*,
    1991 WL 221110 (S.D.N.Y. Oct. 3, 1991).................................................................3, 4

## STATUTES AND RULES

19 U.S.C. § 1337..........................................................................................................................1

28 U.S.C. § 1404(a) ..................................................................................................................2, 4

Fed. R. Civ. P. 12(a)(4)...................................................................................................... 1, 2, 4, 5

Fed. R. Civ. P. 12(b)(1)...................................................................................................... 1, 2, 4, 5

## SECONDARY SOURCES

5B Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND
    PROCEDURE § 1346 (3d. ed. 2004)..............................................................................3

**PRELIMINARY STATEMENT**

Pursuant to Fed. R. Civ. P. 12(a)(4), Defendants submit that their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), filed on May 1, 2007, acts to suspend Defendants' duty to file a response to Plaintiffs' complaint until ten days after notice of the resolution of Defendants' 12(b)(1) motion is given. Plaintiffs, however, have advised Defendants that they disagree. Plaintiffs take the position that because Defendants' have not moved to dismiss *all* of the counts in the complaint, an answer must be filed. Thus, in an abundance of caution, and to ensure the preservation of their rights, declaratory judgment defendants Whirlpool Corp., Whirlpool Patents Co., Whirlpool Manufacturing Corp., and Maytag Corp. (collectively "Whirlpool") move for an extension of time to respond to declaratory judgment plaintiffs' LG Electronics U.S.A., Inc., LG Electronics, Inc., and LG Electronics Monterrey Mexico, S.A., DE, CV (collectively "LG") Complaint against Whirlpool until ten days after notice of the Court's ruling on Whirlpool's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

**FACTUAL BACKGROUND**

On January 23, 2008, Whirlpool initiated an enforcement action against LG before the U.S. International Trade Commission asserting LG was in violation of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, by importing into the United States, selling for importation into the United States, and/or selling or offering for sale with the United States after importation, certain refrigerators and components that infringe one or more of five patents held by Whirlpool: U.S. Patent Nos. 6,082,130; 6,810,680; 6,915,644; 6,971,730 and 7,240,980. On February 21, 2008, the ITC initiated an investigation, entitled *In re Certain Refrigerators and Components Thereof*, Inv. No. 337-TA-632.

On April 16, 2008, LG filed this declaratory judgment action, seeking a declaration of noninfringement, invalidity and/or unenforceability of each of the five patents Whirlpool has

asserted against LG in the ITC. In the ITC, Whirlpool has since withdrawn its allegations relating to the '730 and '980 patents and moved to partially terminate the pending ITC investigation as it relates to the '730 and '980 patents, which are the subject matter of Counts Four and Five of LG's Complaint. In this Court, Whirlpool has moved to dismiss Counts Four and Five of LG's Complaint pursuant to Fed. R. Civ. P. 12(b)(1). Furthermore, Whirlpool has moved to transfer the present case to the Federal District Court for the District of Delaware pursuant 28 U.S.C. § 1404(a), where LG filed another suit on April 24, 2008, claiming infringement of three patents related to similar technology as the patents in suit before this Court. In the Delaware suit, Whirlpool has also counterclaimed for infringement of the three remaining ITC patents, as well as four additional patents relating to the same technology.

## APPLICABLE LAW

The relevant text of the Federal Rule of Civil Procedure 12(a)(4), reads:

> "[S]erving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action."

Thus, a motion to dismiss pursuant Fed. R. Civ. P. 12(b)(1), a "motion under this rule", suspends the time by which defendants must respond to a complaint until after the disposition of the motion.

Federal Rule of Civil Procedure 12(a)(4) does not specify whether a partial motion to dismiss under Rule 12, *i.e.*, a motion to dismiss only some of the claims contained within the complaint, also extends the time to file a responsive pleading. However, the overwhelming majority of district courts that have addressed this issue have ruled that a partial motion to dismiss extends the time to respond to the complaint. *See*, *e.g.*, *Godlewski v. Affiliated Computer Servs., Inc.*, 210 F.R.D. 571, 572 (E.D. Va. 2002); *Circuit City Stores Inc., v. Citgo Petroleum*

*Corp.*, 1994 WL 483463 at *4 (E.D. Pa. Sept. 7, 1994); *Ricciuti v. N.Y. City Transit Auth.*, 1991 WL 221110 at *2 (S.D.N.Y. Oct. 3, 1991); *Brocksopp Eng'g Inc. v. Bach-Simpson Ltd.*, 136 F.R.D. 485, 486 (E.D. Wis. 1991). Indeed, Whirlpool has found only one decision where a partial motion to dismiss was not found to extend the time to answer. *See Gerlach v. Mich. Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (E.D. Mich. 1978).

Although no federal appellate court has spoken on the issue, this Court's sister court from the Eastern District of Pennsylvania has followed the majority view, holding that a "partial 12(b) motion enlarges the time to file an answer." *Circuit City*, 1994 WL 483463 at *4. Moreover, the *Circuit City* court further stated that it agreed with the Eastern District of Wisconsin that "the *Gerlach* approach had significant disadvantages in that it would require duplicative sets of pleadings in the event of denial of the 12(b) motion, and it would cause confusion over the proper scope of discovery during the motion's pendency." *Circuit City*, 1994 WL 483463 at *4 (citing *Brocksopp Eng'g,* 136 F.R.D. at 486-87); *see also* 5B Charles Alan Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1346 (3d. ed. 2004).

In addition to the overwhelming majority of district courts that have held partial motions to dismiss extend the time to answer, the policy considerations also favor this position. In *Gerlach*, the court primarily based its holding on the statement that "[s]eparate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b)." *Gerlach*, 448 F. Supp. at 1174. However, as subsequent courts have noted "the *Gerlach* court['s rationale] fails to consider the pros and cons of the differing approaches." *Godlewski*, 210 F.R.D. at 572. Furthermore, the "*Gerlach* court's resolution of the issue under the minority approach is . . . unnecessarily formalistic at the expense of sound policy and judicial economy." *Id.* As one

court has aptly stated, "[w]ere it necessary to serve an answer in piecemeal fashion, as *Gerlach* suggests, a procedural thicket would emerge. Thorny questions would arise as to how the case should proceed pending resolution of the motion." *Ricciuti*, 1991 WL 221110 at *2. Therefore, the policy considerations of judicial economy favor the majority approach, holding that a partial motion to dismiss under Rule 12 has the same effect as a motion to dismiss under Rule 12 for all claims of the complaint, with respect to the time extension set forth in Fed. R. Civ. 12(a)(4).

## ARGUMENT

On the basis of Whirlpool's motion to dismiss Counts Four and Five of LG's complaint pursuant Fed. R. Civ. P. 12(b)(1), Whirlpool respectfully submits that Fed. R. Civ. P. 12(a)(4) operates to extend Whirlpools time to answer LG's complaint until ten days after this Court gives notice of its decision on the motion to dismiss. Whirlpool is filing the present motion for an extension of time to respond out of an abundance of caution and further to absolutely ensure the preservation of its rights.

In addition to Whirlpool's motion to dismiss, Whirlpool also filed a motion to transfer the case to the District of Delaware pursuant to 28 U.S.C. § 1404(a). While such a motion to transfer is not a Rule 12 motion, it is nonetheless relevant to the underlying policy of Rule 12(a)(4) in that this Court's continued judicial interest in this case turns on the decision to grant or deny that motion. The procedural posture of the present case thus further supports an extension of time to answer. Accordingly, Whirlpool submits that it is entitled to an extension of time as set forth in Fed. R. Civ. P. 12(a)(4). In the alternative, Whirlpool requests an order from the Court granting an extension of time to respond to LG's complaint concurrent with that set forth in Fed. R. Civ. P. 12(a)(4).

## CONCLUSION

Because declaratory judgment defendant Whirlpool has filed a motion to dismiss Counts Four and Five of LG's complaint pursuant Fed. R. Civ. P. 12(b)(1), the plain language of, and the policy behind, Rule 12(a)(4) operates to extend the time within which Whirlpool must respond to LG's complaint to ten days after this Court gives notice of its decision regard the motion to dismiss.

Dated: May 7, 2008

Respectfully submitted,
BAKER BOTTS L.L.P

By: s/ Richard B. Harper
Seth T. Taube (ST 6088)
Richard B. Harper (RH 5979)
Lance D. Cassak (LC 3116)
30 Rockefeller Plaza
New York, New York  10112
Tel:   (212) 408-2500
Fax:   (212) 408-2501
*Attorneys for Defendants
Whirlpool Corp., Whirlpool Patents Co.,
Whirlpool Manufacturing Corp., and
Maytag Corp.*