IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LG ELECTRONICS U.S.A., INC., LG ELECTRONICS, INC., and LG ELECTRONICS MONTERREY MEXICO, S.A., DE, CV,<br><br>                Plaintiffs,<br>    v.<br><br>WHIRLPOOL CORP., WHIRLPOOL PATENTS CO., WHIRLPOOL MANUFACTURING CORP., and MAYTAG CORP.<br><br>                Defendants. | C.A. No. 08-332 (UNA)<br><br>(Transferred from the District of New Jersey – C.A. No. 08-1869-FSH) |

## DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO STAY SELECTED PATENTS PURSUANT TO 28 U.S.C. § 1659

OF COUNSEL:

Scott F. Partridge
Paul R. Morico
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002
(713) 229-1569
scott.partridge@bakerbotts.com
paul.morico@bakerbotts.com

Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

*Attorneys for Defendants Whirlpool Corporation, Whirlpool Patents Company, Whirlpool Manufacturing Corporation and Maytag Corporation*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.   PRELIMINARY STATEMENT ............................................................................... 1

II.  NATURE AND STAGE OF THE PROCEEDINGS ................................................ 2

III. FACTUAL BACKGROUND .................................................................................... 3

IV.  APPLICABLE LEGAL STANDARDS .................................................................... 4

V.   ARGUMENT .............................................................................................................. 6

    A.   LG Waived Its Statutory Right to Avoid Dual Proceedings Under §1659 When It Voluntarily Filed the Declaratory Judgment Action in New Jersey .......... 6

    B.   Alternatively, if a Stay is Granted, Proceedings Related to All of the ITC Patents Should Be Stayed ..................................................................................... 8

    C.   The Court Should Not Grant a Stay with Respect to the '730 and '930 Patents, and Whirlpool's Motion to Dismiss LG's Declaratory Judgment Counts from the New Jersey Action Relating to These Patents Should Be Granted ................... 9

VI.  CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*Brooklyn Sav. Bank v. O'Neil,*
   324 U.S. 697 (1945) .................................................................................................... 5, 8

*FormFactor, Inc. v. Micronics Japan Co., Ltd.,*
   No. CV-06-07159, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) ...................................... 10

*Gov't of the Virgin Islands v. Brown,*
   507 F.2d 186 (3rd Cir. 1975) ......................................................................................... 5, 7

*In re Certain Refrigerators and Components Thereof,*
   Inv. No. 337-TA-632 (ITC) ................................................................................................ 4

*MedImmune, Inc. v. Genentech, Inc.,*
   127 S. Ct. 764 (2007) ....................................................................................................... 10

*Mooney v. City of New York,*
   219 F.3d 123 (2nd Cir. 2000) ............................................................................................. 5

*Shutte v. Thompson,*
   82 U.S. 151 (1872) ............................................................................................................. 5

## RULES & STATUTES

H.R.Rep. 103-826(I) ................................................................................................................ 5, 6

Fed. R. Crim. P. 43(c)(1)(A) ......................................................................................................... 7

19 U.S.C. § 1337 ............................................................................................................................ 3

28 U.S.C. §1659 .................................................................................................................. *passim*

14 V.I.C. §§297(2) ....................................................................................................................... 7

## PRELIMINARY STATEMENT

The right provided by 28 U.S.C. §1659 is the right of an ITC respondent to avoid being subjected to dual proceedings for the same issues pending before the ITC. The LG Plaintiffs, respondents in the ITC, filed the declaratory judgment action in New Jersey that it now seeks to stay *after* the ITC case was initiated. By doing so, LG voluntarily subjected itself to litigation in the federal courts, thus affirmatively waiving the protections afforded by § 1659. With respect to the co-pending Delaware case, C.A. 08-234-GMS ("the '234 case"), although Whirlpool is the party that raised the ITC patents in a counterclaim, Whirlpool was simply seeking to bring order to LG's deliberately inefficient forum-shopping strategy. Now that the New Jersey case has been transferred to this Court as a result of a joint stipulation submitted to the New Jersey court, Whirlpool's later-filed counterclaims in the '234 case for infringement of the ITC patents should not be a factor in deciding the stay motions filed by LG in either this or the '234 case.[1]

Furthermore, LG's pick-and-choose strategy, whereby LG seeks to litigate one of the ITC patents in the district court and stay the rest, is contrary to the legislative intent and an abuse of the rights conveyed by the statute. Therefore, denial of LG's stay motions is warranted on this basis as well. Alternatively, in the event the Court sees fit to grant LG's stay motions, proceedings relating to all of the ITC patents should be stayed in order to carry out the purpose of the statute and to promote efficiency.

Finally, with respect to two of the five ITC patents for which LG seeks a stay in this case, *i.e.*, the now-transferred New Jersey case, the Court does not have subject matter jurisdiction over matters relating to these patents because Whirlpool has withdrawn these patents at the ITC and provided a non-assertion agreement to LG with respect to these two patents. The status of

---

[1] Whirlpool is concurrently filing a pro forma Answering Brief in the '234 case seeking denial of the similar stay motion filed by LG in that case for the same reasons set forth in this Answering Brief.

1

these patents is explained further below and more fully in Whirlpool's previously-filed memorandum in support of its pending partial motion to dismiss. (D.I. 6).

## NATURE AND STAGE OF THE PROCEEDINGS

In January of this year, Whirlpool initiated a legal proceeding against LG at the United States International Trade Commission based on LG's infringement of five Whirlpool patents. Evidently seeking a forum more to its liking for litigating Whirlpool's patents, on April 16, 2008 LG brought a declaratory judgment action against Whirlpool for the same five patents in the District of New Jersey. (D.I. 1). Just eight days later, LG brought yet another action against Whirlpool, this time in the District of Delaware, alleging infringement of three of LG's patents. (C.A. No. 08-234-GMS). When answering LG's complaint in the second case, Whirlpool also counterclaimed for infringement of four additional Whirlpool patents as well as three of the five patents at issue in the ITC action ("the Whirlpool ITC patents").[2] All of the patents in suit relate to refrigerators and refrigerator components.

To remedy the inefficient multi-jurisdiction proceedings created by LG, Whirlpool also filed a motion to transfer the New Jersey case to this Court on May 1, 2008. (D.I. 8). Shortly after Whirlpool's motion to transfer was filed, the parties jointly filed a stipulation in New Jersey to transfer the New Jersey case to this Court. (D.I. 20). The New Jersey Court ordered the

---

[2] Whirlpool did not counterclaim on all five ITC patents because Whirlpool has withdrawn two of the five patents originally asserted in the ITC action, U.S. Pat. Nos. 6,971,730 ("the '730 patent") and 7,240,980 ("the '980 patent"). *See* Motion for Partial Termination, Ex. 1, submitted herewith as an attachment to the Declaration Of Anne Shea Gaza In Support Of Defendants' Opposition To Plaintiffs' Motions To Stay dated June 5, 2008 contemporaneously filed herewith and referenced herein as "Gaza Dec." Whirlpool has also provided a non-assertion letter to LG that eliminates any case or controversy with respect to the two withdrawn patents. *See* Letter to LG, Gaza Dec. Ex. 2. Therefore subject matter jurisdiction with respect to the two patents no longer exists. In this action, Whirlpool filed a motion to dismiss LG's declaratory judgment counts with respect to the '730 and '980 patents based on lack of subject matter jurisdiction. *See* Brief in Support of Motion to Dismiss, D.I. 6.

2

transfer on May 19, 2008. (D.I. 21). The transferred case was filed by the Clerk on June 4, 2008 as District of Delaware C.A. No. 08-322-UNA. D.I. 23.

On May 15, 2008, before the transfer order issued, and despite the fact that it was LG who brought the declaratory judgment action in the New Jersey case against Whirlpool, LG filed a motion under 28 U.S.C. §1659 seeking a stay of the New Jersey proceedings relating to four of the five Whirlpool ITC patents at issue in that case. (D.I. 19). On May 16, LG also filed a similar stay motion in the '234 case with respect to two of the three ITC patents at issue in that case. (08-234-GMS, D.I. 11).[3]

## FACTUAL BACKGROUND

On January 23, 2008, Whirlpool Corp., Whirlpool Patents Co., Whirlpool Mfg. Corp. and Maytag Corp., *i.e.*, the defendants in this action and the counterclaim plaintiffs in the '234 case (collectively "Whirlpool" or "Defendants"), filed a complaint with the U.S. International Trade Commission ("ITC") alleging that LG Electronics, Inc. ("LG Electronics"); LG Electronics, USA, Inc. ("LG USA"); and LG Electronics Monterrey Mexico, S.A. de CV, *i.e.*, the counterclaim defendants in this action (collectively, "LG" or "Plaintiffs"), are engaging in unfair acts in violation of Section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, through the alleged importation into, the sale for importation into and/or the sale or offer for sale within, the United States of refrigerators and components that infringe five Whirlpool patents. *See* D.I.

---

[3] The ITC patent that was not included in either of LG's stay motions is U.S. Pat. No 6,082,130 ("the '130 patent"). The two patents commonly included in both the New Jersey and Delaware stay motions are U.S. Pat. Nos. 6,810,680 ("the '680 patent") and 6,915,644 ("the '644 patent"). For the sake of efficiency, because issues pertaining to the '680 and '644 patents are identical in both motions, these patents will be treated together in this Opposition while additional issues relating to the two patents for which Whirlpool filed a motion to dismiss in New Jersey will be addressed in a separate section below.

3

1, ¶ 6. The ITC instituted the investigation on February 21, 2008. *In re Certain Refrigerators and Components Thereof*, Inv. No. 337-TA-632 (ITC).

Eight weeks later on April 16, 2008, the LG Plaintiffs voluntarily filed an action in the District of New Jersey, seeking a declaration of non-infringement, invalidity and/or unenforceability of the same Whirlpool patents at issue in the ITC. (D.I. 1). Eight days after filing the New Jersey action, LG Electronics and LG USA filed a second district court suit, this time in Delaware, against Whirlpool alleging infringement of three of LG's patents relating to refrigerators and components thereof. *See* Complaint, 08-234-GMS, D.I. 1, ¶¶ 2, 5.

On May 1, 2008, Whirlpool filed counterclaims against LG in the '234 case, asserting infringement of seven Whirlpool patents, including the three remaining Whirlpool ITC patents. (08-234-GMS, D.I. 5). In the New Jersey action, Whirlpool also filed a motion on that date to transfer the suit to this District to simplify the manifestly inefficient case structure LG had attempted to set up. (D.I. 8).

Shortly after Whirlpool filed the motion to transfer, the parties reached an agreement to transfer all of the pending New Jersey proceedings to this Court and subsequently filed a joint stipulation on May 15, 2008. (D.I. 20). The New Jersey Court ordered the transfer on May 19, 2008. (D.I. 21).

On May 15 and 16, 2008, LG filed its respective motions to stay pursuant to 28 U.S.C. §1659 in New Jersey and Delaware, seeking stays of proceedings pertaining to all of the Whirlpool ITC patents except one, the '130 patent.

## APPLICABLE LEGAL STANDARDS

LG relies on 28 U.S.C. §1659(a) in support of its motion to stay. That provision provides, in relevant part:

4

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay . . . proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within-
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
> (2) 30 days after the district court action is filed, whichever is later.

Section 1659(a) was added in a 1994 bill to "ensure that U.S. procedures for dealing with alleged infringements by imported products comport with GATT 1994 'national treatment' rules." H.R.Rep. 103-826(I) at 142. This amendment was intended to address the unfair treatment of foreign goods, against which two infringement proceedings may be brought in two forums at the same time, *i.e.*, the ITC and the district courts, unlike domestic goods. *Id.*

A statutory right, such as conveyed by section 1659(a), is not absolute. It is well-settled that the intended beneficiary of a statute can waive the right created by the statute. *Shutte v. Thompson*, 82 U.S. 151, 159 (1872) ("[A] party may waive any provision, either of a contract or of a statute, intended for his benefit."). A waiver of a statutory right does not have to be an explicit expression of waiver but may be inferred from the conduct of the beneficiary. *See, e.g., Gov't of the Virgin Islands v. Brown*, 507 F.2d 186, 189 (3rd Cir. 1975) (defendant's constitutional and statutory rights to be present at the commencement of his trial found to have been waived by the defendant's knowing and voluntary absence from his voir dire examination); *Mooney v. City of New York*, 219 F.3d 123, 131 (2nd Cir. 2000) ("[A] waiver need not be express, but may be inferred from the conduct of the parties.").

There are two situations in which a waiver may not be permitted. First, Congress may exclude the possibility of a waiver of a statutory right by explicitly stating such intention in the statute. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704-05 (1945) ("With respect to private

rights created by a federal statute, . . . the question of whether the statutory right may be waived depends upon the intention of Congress as manifested in the particular statute."). Second, a statutory right may not be waived if such a waiver is likely to harm the public interest or frustrate the statutory intent. *Id.* at 704 ("a statutory right conferred on a private party, but affecting the public interest, may not be waived or released if such waiver or release contravenes the statutory policy.").

## ARGUMENT

### A.    LG Waived Its Statutory Right to Avoid Dual Proceedings Under §1659 When It Voluntarily Filed the Declaratory Judgment Action in New Jersey

Congress explained that 28 U.S.C. § 1659(a) "adds a new section in Title 28 to address the possibility that infringement proceedings may be *brought against* imported goods in two forum at the same time." H.R.Rep. 103-826(I) at 141 (emphasis added). Thus, what Congress intended with the addition of §1659(a) was to provide the respondent in an ITC case an opportunity to avoid being subjected to litigation against its will in two different forums at the same time. This right to avoid dual proceedings is provided to an unwilling litigant for the sake of fairness, but is not an absolute right. Congress included time limitations to the statute "[t]o avoid abuse of this provision and to *encourage prompt adjudication in the district courts.*" *Id.* (emphasis added). Thus, on its face, the right to stay a district court proceeding provided by § 1659(a) is optional and can be waived by the intended beneficiary. Here, LG is the intended beneficiary and had the right to avoid concurrent dual proceedings in the ITC and district courts under the statute. LG, however, voluntarily rejected the protection afforded under § 1659(a) and brought its own declaratory judgment action in New Jersey.

LG will no doubt argue that because it filed its motions within the 30-day period provided by the statute, it has not waived its rights. A waivable statutory right, however, may be

6

waived by actions other than those expressly provided for in the statute. *Brown*, 507 F.2d at 189. The rights involved in *Brown* were the state constitutional and federal statutory rights to be present at the commencement of a trial under 14 V.I.C. §§297(2) and Federal Rule of Criminal Procedure 43, respectively. Rule 43 requires the defendant to be present at every stage of the trial, but such requirement can be waived, according to the rule, by the defendant's voluntary absence *after* the trial has commenced. Fed. R. Crim. P. 43(c)(1)(A). In *Brown*, however, the defendant was absent *at* the commencement of the trial when a voir dire examination took place. Despite the defendant's absence occurring at a time other than as specified in the statute, the Court found the defendant had nonetheless waived the right to be present at the trial. *Brown*, 507 F.2d at 189. Addressing Brown's argument that he did not waive his right to be present because his absence was not *after* commencement of the trial, *i.e.*, the act specified by the statute as constituting a waiver, the Court found:

> [W]e do not perceive any talismanic properties which differentiate the commencement of a trial from later stages. It would be anomalous to hold that a defendant cannot waive his right to be present during the period of often routine voir dire questioning but can waive that right during the time when witnesses against him are presenting crucial evidence.... We hold that Brown's willful absence from the voir dire examination under such circumstances was knowing and voluntary, and that this voluntary absence was a waiver of both his constitutional and statutory right to be present at the commencement of his trial.

*Id.*

Likewise, it would be anomalous here to hold that LG can not waive its right to stay a district court action by affirmatively bringing the action, but can waive that right merely by waiting 31 days from the time an opposing party files an action. As the defendant in *Brown* voluntarily missed the beginning of his trial, LG, the intended beneficiary of the statute, voluntarily brought the declaratory judgment action in New Jersey, thus creating the dual proceedings that §1659 was intended to guard against. For reasons known only to LG, it

determined that bringing a declaratory judgment action while the ITC case is pending for the same patents would be beneficial, and affirmatively abandoned its right to avoid the same. LG should not now be permitted to reclaim the right it so clearly waived.

Furthermore, the exceptions to waivability are not present here. Congress neither explicitly precluded a waiver of the §1659(a) protections nor expressed a view that dual proceedings would in any way harm the public interest or frustrate the legislative intent. *See Brooklyn Sav. Bank*, 324 U.S. at 704-05. Indeed, by expressing its concerns of possible abuse of the right to a stay to delay the adjudication of district court cases, and therefore providing time limitations for invoking the right, Congress confirmed that voluntary concurrent dual proceedings are beneficial in many circumstances and would not harm the public interest or frustrate the legislative intent.

      B.      <u>Alternatively, if a Stay is Granted, Proceedings Related to All of the ITC Patents Should Be Stayed</u>

If the Court for some reason finds that LG's voluntary creation of the dual proceedings does not amount to a waiver of its § 1659(a) right to a stay of the '680 and '644 patents, the Court should also stay the third patent currently asserted by Whirlpool at the ITC, *i.e.*, the '130 patent. It would be manifestly unfair to permit LG to forego the right to a stay by bringing a declaratory judgment suit for the ITC patents, then reclaim that right, but only to stay two of the three patents. If, as LG must now assert, it is invoking its rights under section 1659(a) because it is unfair to subject LG to two concurrent proceedings for the same patents, LG's argument must be applied to all of the ITC patents. Any other application of the statute would be contrary to the express legislative purpose.

Moreover, proceeding with the three patents in the ITC while staying two and litigating one in the district court would be inefficient. Just like the two ITC patents for which LG is

8

seeking a stay, the '130 patent also relates to ice makers. Thus, it is likely that for all three patents the same experts and witnesses will be used, and the same LG departments and LG personnel will have relevant documents. Given that the potential witnesses and relevant documents are likely located overseas, segregating these three patents as LG suggests would unnecessarily increase litigation expenses and waste judicial resources. It would be more logical and efficient to litigate all three of the ice maker patents in this Court at the same time, on one schedule. While staying any of the ITC patents, thus creating dual discovery tracks, would prolong the case and burden the parties, staying the '130 patent together with the other two ITC patents would at least minimize these negative effects.

    C.    <u>The Court Should Not Grant a Stay with Respect to the '730 and '930 Patents, and Whirlpool's Motion to Dismiss LG's Declaratory Judgment Counts from the New Jersey Action Relating to These Patents Should Be Granted.</u>

In its motion for a stay in this case, LG seeks a stay with respect to the '730 and '980 patents, in addition to the '680 and '644 patents. However, Whirlpool currently has a motion to dismiss the fourth and fifth counts of LG's declaratory judgment complaint relating to the '730 and '980 patents. (D.I. 5). Irrespective of the Court's decision to stay the other patent claims here, Whirlpool respectfully submits that the Court should deny LG's motion to stay the '730 and '980 patent claims for at least the following three reasons: 1) LG has no statutory right to stay any proceedings respecting the '730 and '980 patents; 2) this Court lacks subject matter jurisdiction over the '730 and '980 patents; and 3) judicial economy dictates deciding Whirlpool's motion to dismiss now.

The statutory right under § 1659(a) only exists for a claim that "involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659(a). However, Whirlpool has withdrawn its allegations relating to the '730 and '980 patents in the ITC and moved to partially terminate the pending ITC investigation as it relates to the '730 and '980 patents. *See*

9

Complainants' Motion for Partial Termination Based on Withdrawal of Certain Allegations in the Complaint (hereinafter "Whirlpool's ITC Motion"), Gaza Dec. Ex. 1. While Whirlpool's ITC Motion has not been granted yet, there is no reason to expect that Whirlpool's motion will not be granted, given that Whirlpool voluntarily sought to withdraw these patents, and neither LG nor the Office of Unfair Imports has opposed their withdrawal from the ITC action.[4] Therefore, there will be no "claim that involves the same issues" before the ITC with respect to the '730 and '980 patents and LG cannot seek a stay, as a matter of statutory right, of proceedings pertaining these two patents. *See, e.g., FormFactor, Inc. v. Micronics Japan Co., Ltd.*, No. CV-06-07159, 2008 WL 361128, at *1 (N.D. Cal. Feb. 11, 2008) ("The mandatory stay does not apply to all claims in this case, because only two patents at issue in this action are also before the ITC.").

In addition, Whirlpool also sent a non-assertion letter to LG with respect to the two withdrawn patents. Gaza Dec. Ex. 2. Together, Whirlpool's motion to terminate the ITC investigation as to the '730 and '980 patents, and its covenant not to sue for LG's infringement of these patents establish that there is no "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007) (internal quotations omitted). For the same reason that this Court lacks subject matter jurisdiction over the declaratory judgment action concerning the '730 and '980 patents, it similarly lacks jurisdiction to stay any proceedings regarding the same. LG availed itself of the District Court for the District of New Jersey solely on the basis of declaratory judgment

---

[4] In its reply to Whirlpool's motion to withdraw the '730 and '980 patents from the ITC action, LG agreed with Whirlpool that the patents should be withdrawn from the action, but took the position that the withdrawal should be conditioned on LG being permitted to continue to take discovery on issues related to the withdrawn patents.

jurisdiction. Therefore, now that there is no declaratory judgment jurisdiction, there is no subject matter jurisdiction for any issue pertaining to the '730 and '980 patents.

Finally, judicial economy favors the resolution of this action, at least as it relates to the '730 and '980 patents, immediately. There is no reason to stay this action with respect to the '730 and '980 patents when it is clear now that they will and should be dismissed for lack of subject matter jurisdiction. Thus, this Court should deny LG's motion to stay under 28 U.S.C. § 1659(a) with respect to the '730 and '980 patents.

## CONCLUSION

LG's stay motions should be denied because LG unambiguously waived its statutory right to a stay under §1659 when it brought a declaratory judgment in New Jersey, voluntarily creating dual proceedings. Granting LG's stay motions would frustrate the legislative intent to give unwilling foreign companies a limited opportunity to opt out of a suit brought by a patentee. The statute was clearly not intended to be used as the tactical litigation vehicle LG has made it into. Alternatively, if the Court should find that the stay is somehow available to LG, equity, efficiency and the policy behind § 1659 favor a stay of the '130 patent as well. Furthermore, with respect to the '730 and '980 patents, LG's request to stay this action with respect to these patents is not well-founded, and should be denied or held in abeyance pending the Court's decision on Whirlpool's motion to dismiss LG's counts relating to these patents.

11

<div style="display: flex;">

OF COUNSEL:
Scott F. Partridge
Paul R. Morico
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002
(713) 229-1569
scott.partridge@bakerbotts.com
paul.morico@bakerbotts.com


Dated: June 5, 2008

*/s/ Anne Shea Gaza*
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
gaza@rlf.com

*Attorneys for Defendants Whirlpool Corporation, Whirlpool Patents Company, Whirlpool Manufacturing Corporation and Maytag Corporation*

</div>

12

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2008, I electronically filed the foregoing document and the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following who have also been served as noted:

**VIA HAND DELIVERY AND ELECTRONIC MAIL**

Steven J. Balick
John G. Day
Tiffany Geyer Lydon
Ashby & Geddes
500 Delaware Avenue, 8th Floor
P. O. Box 1150
Wilmington, DE  19899

**VIA ELECTRONIC MAIL**

Richard L. Stroup
Patrick J. Coyne
Anand K. Sharma
Andrew C. Sonu
Walter D. Davis, Jr.
Jeffrey W. Abraham
K. Kevin Mun
Hayley S. Weimer
Parmanand K. Sharma
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
901 New York Avenue, NW
Washington, DC  20001-4413

Thomas R. Curtin
George C. Jones
Kathleen N. Fennelly
Graham Curtin, A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, NJ  07928-1991

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
gaza@rlf.com