**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LG ELECTRONICS USA., INC,<br>LG ELECTRONICS, INC. and<br>LG ELECTRONICS MONTERREY MEXICO,<br>S.A., DE, CV,<br><br>      Plaintiffs,<br>  v.<br><br>WHIRLPOOL CORPORATION,<br>WHIRLPOOL PATENTS COMPANY,<br>WHIRLPOOL MANUFACTURING CORPORATION<br>and MAYTAG CORPORATION,<br><br>      Defendants. | C.A. No. 08-332 (GMS)<br><br>Jury Trial Demanded |
| WHIRLPOOL CORPORATION,<br>WHIRLPOOL PATENTS COMPANY,<br>WHIRLPOOL MANUFACTURING CORPORATION<br>and MAYTAG CORPORATION,<br><br>      Counterclaim Plaintiffs,<br>  v.<br><br>LG ELECTRONICS USA., INC.,<br>LG ELECTRONICS, INC. and<br>LG ELECTRONICS MONTERREY MEXICO,<br>SA., DE, CV,<br><br>      Counterclaim Defendants. | |

**PLAINTIFFS AND COUNTERCLAIM DEFENDANTS' LG ELECTRONICS'
ANSWER AND AFFIRMATIVE DEFENSES TO
<u>COUNTERCLAIM PLAINTIFFS' WHIRLPOOL'S COUNTERCLAIMS</u>**

  LG Electronics U.S.A., Inc., LG Electronics, Inc. and LG Electronics Monterrey Mexico,

S.A. de CV (collectively "LG Electronics"), file this Answer and Affirmative Defenses in

response to Whirlpool Corporation's Answer, Affirmative Defenses, and Counterclaims (D.I.

36), filed by Whirlpool Corporation, Whirlpool Patents Company, Whirlpool Manufacturing Corporation, and Maytag Corporation (collectively "Counterclaim Plaintiffs"):

## COUNTERCLAIMS

## THE PARTIES

50.     Counterclaim Plaintiff Whirlpool Corporation is a Delaware corporation having its principal place of business at 2000 North M-63, Benton Harbor, Michigan 49022.

**Answer:**     Admitted.

51.     Counterclaim Plaintiff Whirlpool Patents Company ("WPC") is a Michigan corporation having its principal place of business at 500 Renaissance Drive, Suite 102, St Joseph, Michigan 49085.  WPC is a wholly owned subsidiary of Counterclaim Plaintiff Whirlpool Corporation.

**Answer:**     Admitted.

52.     Counterclaim Plaintiff Whirlpool Manufacturing Corporation ("WMC") is a Michigan corporation having its principal place of business at 500 Renaissance Drive, Suite 102, St. Joseph, Michigan 49085.  WMC is a wholly owned subsidiary of Counterclaim Plaintiff Whirlpool Corporation.

**Answer**:     Admitted.

53.     Counterclaim Plaintiff Maytag Corporation ("Maytag") is a Delaware corporation having its principal place of business at 2000 North M-63, Benton Harbor, Michigan 49022. Maytag is a wholly owned subsidiary of Counterclaim Plaintiff Whirlpool Corporation.

**Answer**:     Admitted.

54.   In its Complaint, Counterclaim Defendant LG Electronics U.S.A., Inc. has alleged that it is a Delaware corporation having its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

**Answer**:   Admitted.

55.   In its Complaint, Counterclaim Defendant LG Electronics, Inc. has alleged that it is a Korean corporation having its principal place of business at LG Twin Towers, 20 Yoido-dong, Yeongdeungpo-gu, Seoul, Korea 150-721.  Upon information and belief, LG Electronics U.S.A., Inc. is a wholly owned subsidiary of LG Electronics, Inc.

**Answer**:   Admitted.

56.   In its Complaint, Counterclaim Defendant LG Electronics Monterrey Mexico, S.A., DE, CV has alleged that it is a Mexican corporation having its principal place of business at Av. Industrias 180, Fracc Industrial Pimsa Ote., 66603 Apodaca, Nuevo Leon, Mexico.

**Answer**:   Admitted.

## JURISDICTION AND VENUE

57.   These counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 USC. §§ 1331 and 1338(a).

**Answer**:   Paragraph 57 alleges legal conclusions to which no responsive pleading is required.  LG Electronics admits that the Counterclaims purport to allege an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

58.     This Court has personal jurisdiction over the Counterclaim Defendants because, *inter alia*, the Counterclaim Defendants have voluntarily submitted to the jurisdiction of the United States District Court for the District of Delaware as a result of initiating the present action and stipulating to its transfer to this Court. Counterclaim Defendants are subject to personal jurisdiction in this judicial district for the purposes of Counterclaim Plaintiffs' counterclaims.

**Answer**:     Admitted to the extent that LG Electronics is subject to personal jurisdiction with respect to the Counterclaims for purposes of this action, otherwise denied.

59.     Venue in this judicial district is proper under 28 U S.C. § § 1391(b), 1391(c) and 1400(b).

**Answer**:     Paragraph 59 alleges a legal conclusion to which no responsive pleading is required.

**FIRST COUNTERCLAIM**
**(INFRINGEMENT OF US. PATENT NO. 6,082,130)**

60.     Counterclaim Plaintiffs reallege and incorporate by reference each of Paragraphs 50 through 59 above.

**Answer**:     LG Electronics incorporates by reference their answers to Paragraphs 50 through 59 above, as if fully set forth herein.

61.     WPC is the owner by assignment from Whirlpool Corp. of United States Patent No. 6,082,130 ("the '130 patent"), which was duly, properly, and legally issued by the United States Patent and Trademark Office ("USPTO") to Whirlpool by virtue of an assignment from

the inventors on July 4, 2000, for an invention entitled "Ice Delivery System for a Refrigerator." A true and correct copy of the '130 patent is attached hereto as Exhibit A.

**Answer:** Admitted to the extent that U.S. Patent No. 6,082,130 is entitled "Ice Delivery System for a Refrigerator," lists July 4, 2000 as its issue date, and that a copy of the '130 patent was attached as Exhibit A, otherwise denied.

62. WPC has licensed rights under the '130 Patent to WMC, which has in turn licensed rights under the '130 Patent to Whirlpool Corp. Whirlpool Corp. has the right to offer for sale and sell in the United States products covered by the '130 patent.

**Answer**: LG Electronics is without sufficient knowledge or information to admit or deny the allegations of Paragraph 62 of the Counterclaims, and, on that basis, denies them.

63. On information and belief, Counterclaim Defendants have been making, using, selling, offering for sale within, and/or importing into, the United States refrigerators that come within the scope of one or more claims of the '130 patent, and have induced infringement of and/or contributorily infringed one or more claims of the '130 patent. Said refrigerators include, but are not limited to, LG model nos. LSC27950SW and LFX25980ST.

**Answer**: Admitted that LSC27950SW and LFX25980ST are model numbers of LG Refrigerators used, sold, offered for sale and/or imported into the United States. Denied in all other respects.

64. On information and belief, Counterclaim Defendants have been infringing the '130 patent, either literally or under the doctrine of equivalents, and will continue to do so unless and until enjoined by this Court.

**Answer**:   Denied.

65. Counterclaim Defendants' acts of infringement of the '130 patent have caused Counterclaim Plaintiffs irreparable injury and damages in an as-yet-undetermined amount and, unless and until enjoined by this Court, will continue to do so.

**Answer**:   Denied.

66. On information and belief, Counterclaim Defendants' acts of infringement of the '130 patent have been and continue to be willful and deliberate, rendering this case eligible for enhanced damages under 35 U.SC. § 284 and attorney fees under 35 U.S.C. § 285.

**Answer**:   Denied.

## SECOND COUNTERCLAIM
### (INFRINGEMENT OF U.S. PATENT NO. 6,810,680)

67. Counterclaim Plaintiffs reallege and incorporate by reference each of Paragraphs 50 through 66 above.

**Answer**:   LG Electronics incorporates by reference their answers to Paragraphs 50 through 66 above, as if fully set forth herein.

68. On November 2, 2004, the USPTO duly and legally issued U.S. Patent No. 6,810,680 ("the '680 patent"), entitled "Ice Maker Fill Tube Assembly." A true and correct copy of the '680 patent is attached hereto as Exhibit B.

**Answer**: Admitted to the extent that U.S. Patent No. 6,810,680 is entitled "Ice Maker Fill Tube Assembly" and lists November 2, 2004 as its issue date, and that a copy of the '680 patent was attached as Exhibit B, otherwise denied.

69. Maytag is the owner by assignment of the '680 patent, and Maytag has the right to offer for sale and sell in the United States products covered by the '680 patent.

**Answer**: LG Electronics is without sufficient knowledge or information to admit or deny the allegations of Paragraph 69 and, on that basis, denies them.

70. On information and belief Counterclaim Defendants have been making, using, selling, offering for sale within, and/or importing into, the United States refrigerators that come within the scope of one or more claims of the '680 patent, and have induced infringement of and/or contributorily infringed one or more claims of the '680 patent. Said refrigerators include, but are not limited to, LG model no. LSC26905SB.

**Answer**: Admitted that LSC26905SB is the model number of an LG Refrigerator used, sold, offered for sale and/or imported into the United States. Denied in all other respects.

71. On information and belief, Counterclaim Defendants have been infringing the '680 patent, either literally or under the doctrine of equivalents, and will continue to do so unless and until enjoined by this Court.

**Answer**:	Denied.

72.	Counterclaim Defendants' acts of infringement of the '680 patent have caused Counterclaim Plaintiffs irreparable injury and damages in an as-yet-undetermined amount and, unless and until enjoined by this Court, will continue to do so.

**Answer**:	Denied.

73.	On information and belief, Counterclaim Defendants' acts of infringement of the '680 patent have been and continue to be willful and deliberate, rendering this case eligible for enhanced damages under 35 U.S.C. § 284 and attorney fees under 35 U.S.C. § 285.

**Answer**:	Denied.

**THIRD COUNTERCLAIM**
**(INFRINGEMENT OF U.S. PATENT NO. 6,915,644)**

74.	Counterclaim Plaintiffs reallege and incorporate by reference each of Paragraphs 50 through 73 above.

**Answer**:	LG Electronics incorporates by reference their answers to Paragraphs 50 through 73 above, as if fully set forth herein.

75.	On July 12, 2005, the United States Patent and Trademark Office ("USPTO") duly and legally issued U. S. Patent No, 6,915,644 ("the '644 patent"), entitled "Ice Maker Fill Tube Assembly." A true and correct copy of the '644 patent is attached hereto as Exhibit C.

**Answer**:	Admitted to the extent that U.S. Patent No. 6,915,644 is entitled "Ice Maker Fill Tube Assembly," lists July 12, 2005 as its issue date, and that a copy of the '644 patent was attached as Exhibit C, otherwise denied.

76.	Maytag is the owner by assignment of the '644 patent and Maytag has the right to offer for sale and sell in the United States products covered by the '644 patent.

**Answer**:	LG Electronics is without sufficient knowledge or information to admit or deny the allegations of Paragraph 76 of the Counterclaims and, on that basis, denies them.

77.	On information and belief, Counterclaim Defendants have been making, using, selling, offering for sale within, and/or importing into, the United States refrigerators that come within the scope of one or more claims of the '644 patent, and have induced infringement of and/or contributorily infringed one or more claims of the '644 patent. Said refrigerators include, but are not limited to, LG model no. LSC26905SB.

**Answer**:	Admitted that LSC26905SB is the model number of an LG Refrigerator used, sold, offered for sale and/or imported into the United States. Denied in all other respects.

78.	On information and belief, Counterclaim Defendants have been infringing the '644 patent, either literally or under the doctrine of equivalents, and will continue to do so unless and until enjoined by this Court.

**Answer**:	Denied.

79.     Counterclaim Defendants' acts of infringement of the '644 patent have caused Counterclaim Plaintiffs irreparable injury and damages in an as-yet-undetermined amount and, unless and until enjoined by this Court, will continue to do so.

**Answer**:    Denied.

80.     On information and belief, Counterclaim Defendants' acts of infringement of the '644 patent have been and continue to be willful and deliberate, rendering this case eligible for enhanced damages under 35 USC. § 284 and attorney fees under 35 U.S.C § 285.

**Answer**:    Denied.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that LG Electronics bears the burden of proof as to any of the following affirmative defenses, based upon information and belief, LG Electronics asserts the following:

### FIRST AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

81.    LG Electronics does not infringe, has not infringed, has not and does not induce or contribute to the infringement of any valid and enforceable claim of the '130, '680 or '644 patents, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (INVALIDITY)

82.    One or more claims asserted by Counterclaim Plaintiffs of the '130, '680 or '644 patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

83.    Counterclaim Plaintiffs have failed to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO MARK)

84.    On information and belief, Counterclaim Plaintiffs have failed to mark any refrigerator with any of the '130, '680 or '644 patent numbers and have otherwise failed to comply with the marking and/or notice requirements set forth in 35 U.S.C. § 287.  Counterclaim

11

Plaintiffs are therefore barred from recovering any damages for any period prior to the filing of the Counterclaims.

## FIFTH AFFIRMATIVE DEFENSE
### (UNENFORCEABILITY)

85. At least one or more of the '130, '680 or '644 patents was procured with inequitable conduct and is unenforceable for this reason. For example, the asserted claims of the '680 and '644 patents are invalidated at least by Counterclaim Plaintiffs' own prior art refrigerators, namely Maytag refrigerators with model numbers beginning MSD2758 and MTB2156. Maytag refrigerators with model numbers beginning MSD2758 and MTB2156 were on sale or sold prior to January 31, 2002. These prior art machines of Maytag, the entity that filed the patent applications leading to the '680 and the '644 patents, are highly material but were not disclosed to the U.S. Patent and Trademark Office. Maytag and the inventors and attorneys involved in the '680 and '644 patent applications failed to comply with the duty of disclosure owed to the U.S. Patent and Trademark Office and the public at least with respect to the above identified prior art refrigerators.

## SIXTH AFFIRMATIVE DEFENSE
### (LACHES)

86. Counterclaim Plaintiffs' counterclaims are barred, in whole or in part, by the defense of laches.

### SEVENTH AFFIRMATIVE DEFENSE
### (MISUSE OF INTELLECTUAL PROPERTY)

87. Counterclaim Plaintiffs' counterclaims are barred, in whole or in part, by the defense of misuse of intellectual property.

### EIGHTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

88. Counterclaim Plaintiffs' counterclaims are barred, in whole or in part, from any equitable relief that may otherwise be available due to their unclean hands.

### RIGHT TO ASSERT ADDITIONAL DEFENSES

LG Electronics' investigations into Counterclaim Plaintiffs' allegations are ongoing and discovery has not yet commenced. LG Electronics thus reserves the right to assert and pursue additional defenses.

### PRAYER

WHEREFORE, LG Electronics prays for judgment that the Court:

1. Dismiss with prejudice the Counterclaims and deny all of Counterclaim Plaintiffs' requests for relief;

2. Declare the '130, '680 and '644 patents not infringed;

3. Declare the '130, '680 and '644 patents invalid;

4. Declare the '130, '680 and '644 patents unenforceable;

5. Enter a permanent injunction enjoining Counterclaim Plaintiffs from asserting or otherwise seeking to enforce the '130, '680 and '644 patents against LG Electronics, or any of their customers;

6. Find that this case is exceptional and award LG Electronics their costs, disbursements, and reasonable attorney fees (excluding expert fees) incurred in this action;

7. Award pre-judgment and post-judgment interest on any and all amounts awarded; and

8. Enter such other and further relief as the Court deems just and proper.


Dated: July 31, 2008              */s/ Richard K. Herrmann*
                                        Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Amy A. Quinlan (I.D. #3021)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

Patrick J. Coyne
Richard L. Stroup
Walter D. Davis, Jr.
Jeffrey W. Abraham
Hayley S. Weimer
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4412
(202) 408-4000
patrick.coyne@finnegan.com
richard.stroup@finnegan.com
walter.davis@finnegan.com
jeffrey.abraham@finnegan.com
hayley.weimer@finnegan.com

Attorneys for Plaintiffs and Counterclaim Defendants
LG ELECTRONICS U.S.A., INC.,
LG ELECTRONICS, INC. and
LG ELECTRONICS MONTERREY MEXICO,
S.A., de CV